Judge Owsleit
delivered the Opinion of the Court.
This case turns upon the question, whether or not the circuit court erred in not continuing the cause, upon the application of Crews, who was plaintiff in that court.
The application for a continuance was not grounded upon any extraneous fact, stated or sworn to by Crews ; but it was demanded, as matter of right, because, on calling the cause, Newiand pleaded the general issue, and the statute of limitations. It will not be contended by any, that the court possesses no power to continue a cause, whatever may be the state of the pleadings ; but it is contended by Newiand, that the court was not bound to do so, upon the application of Crews, without oilier cause being shown than that of the filing of the pleas. If, previous to filing his pleas, Newiand had been in no default, the fact of filing them, evidently would not have given to Crews a right to a continuance. But according to the nineteenth section of the Session Acts of 1809, 1 Dig. L, K. 261, a right to a general continuance of the cause, is given to the plaintiff, whenever, by the default cf the defendant hi not *136 pleading* the plaintiff either has or might have taken judgment against him, and a plea or pleas to the merits of the action, is afterwards filed.
Non assumpsit and non assumpsit within five years, in an action of iort, are nought, and plaintiff may take judgment'as for want of a ploa.
After trial of issue on such pleas and re-pleader awarded, and appropriate plos-S are filed ata subsequent term, plaintiff has a right to a «ontinuanee.
Tupicr for plaintiff; Caperton for defendant.
Whether or not, therefore, the cause should have been continued, turns upon the question whether, owing to any default in Newland in not pleading, judgment might have been previously taken against him¿
That Crews might have done so, admits of no controversy. The action is founded in tort, and had been depending for several terms, and not only so, but at a previous term, there had been a trial upon the pleas of non assumpsit and non assumpsit within five years, and after verdict for Newland, judgment was arrested, and a repleader awarded. The pleas upon which that trial was had, were unquestionably not adapted to the nature of the action, and. might have been treated by Crews as a nullity, and judgment taken by him as for want of a plea. That, however, was not done ; but though not done, yet as by the default of Newland, judgment might have been taken against him, before the general issue and the statute of limitations were pleaded by him, when those pleas were filed, Crews had a right to demand, and it was the imperative duty of the court to grant, a general continuance.
The judgment must, consequently, be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent With this opinion.